IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No.: 3:06-cv-00435-DRB |
| STILLWELL MASONRY COMPANY, INC., ) ) ) ) | |
| Defendant. ) | |

### DEFENDANT STILLWELL MASONRY COMPANY, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTER-CLAIM

Comes Now the Defendant, Stillwell Masonry Company, Inc. ("Stillwell"), by and through its undersigned counsel, and files its Answer and Counter-Claim to Plaintiff, State Auto Property & Casualty Insurance Company's ("State Auto"), Complaint for Declaratory Judgment as follows:

### ANSWER

1. The Defendant admits that an action styled Total System Services, Inc. v. Alton Stillwell d/b/a Stillwell Masonry Co., Inc., bearing Civil Action Number: SU05-CV-2610-7, is currently pending in the Superior Court of Muscogee County, Georgia. (hereinafter referred to as the "underlying lawsuit"). The Defendant admits that the Plaintiffs in the underlying lawsuit in Georgia claim more than Seventy-Five Thousand Dollars ($75,000.00) in damages, but denies that the Plaintiffs in the underlying lawsuit are entitled to recover said amount.

2. Stillwell Masonry is without sufficient information to admit or deny this allegation. Therefore, this allegation is denied.

3. Admitted.

4. Denied. Stillwell asserts that State Auto owes Stillwell defense and indemnity to Stillwell in the underlying lawsuit and that State Auto has acted in bad faith by filing the instant Complaint for Declaratory Judgment.

5. Stillwell admits that State Auto has properly stated certain portions of the policy of insurance.

6. Stillwell admits that the Plaintiff in the underlying lawsuit named Stillwell as a Defendant. However, Stillwell denies all characterizations of the allegations in the underlying lawsuit and demands strict proof thereof.

7. Except for those portions of the underlying complaint that are quoted directly from the complaint, Stillwell denies all characterizations of the allegations in the underlying lawsuit and demands strict proof thereof.

8. Except for those portions of the underlying complaint that are quoted directly from the complaint, Stillwell denies all characterizations of the allegations in the underlying lawsuit and demands strict proof thereof.

9. Defendant Stillwell admits that Total System Services, Inc.'s, ("TSS"), complaint in the underlying lawsuit has a count against Stillwell for negligent construction. However, except for those portions of the underlying complaint that are quoted directly from the complaint, Stillwell denies all characterizations of the allegations in the underlying lawsuit and demands strict proof thereof.

10. Except for those portions of the underlying complaint that are quoted directly from the complaint, Stillwell denies all characterizations of the allegations in the underlying lawsuit and demands strict proof thereof.

11. Stillwell admits that the Plaintiff has correctly identified and quoted certain portions of the policy that is the subject of the instant cause of action. However, Stillwell asserts that there are other portions of the policy of insurance which are applicable to this cause of action and which have not been cited, quoted or otherwise mentioned by the Plaintiff.

12. Denied. Stillwell asserts that State Auto owes Stillwell defense and indemnity to Stillwell in the underlying lawsuit and that State Auto has acted in bad faith by filing the instant Complaint for Declaratory Judgment.

13. Denied. Stillwell asserts that State Auto owes Stillwell defense and indemnity to Stillwell in the underlying lawsuit and that State Auto has acted in bad faith by filing the instant Complaint for Declaratory Judgment.

14. Stillwell asserts that State Auto owes defense and indemnity to Stillwell in the underlying lawsuit and that State Auto has acted in bad faith by filing the instant Complaint for Declaratory Judgment. Stillwell denies that State Auto is due any of the relief requested in its prayer for relief and requests this Court to find that State Auto owes Stillwell defense and indemnity in the underlying lawsuit and that State Auto has acted in bad faith by filing the Complaint for Declaratory Judgment.

## COUNTER-CLAIM

## COUNT I – BAD FAITH

15. The Defendant and Counter-Claimant avers each and every allegation and defense as set out in paragraphs 1-14 as if set out herein.

16. The Defendant and Counter-Claimant Stillwell Masonry entered into a valid and enforceable contract for insurance with the Plaintiff and Counter-Claim

3

Defendant, State Auto, with effective dates of February 22, 2001 through February 22, 2005, bearing Policy Number SOC 0015601.

17. The Plaintiff and Counter-Claim Defendant, State Auto, by filing the instant Complaint for Declaratory Judgment has intentionally refused to honor its contractual obligations owed to Stillwell Masonry under the insurance policy.

18. The Plaintiff and Counter-Claim Defendant, State Auto, has no legitimate or arguable reason for its failure to honor its contractual obligations to Stillwell Masonry under the insurance policy.

19. The Plaintiff and Counter-Claim Defendant, State Auto, has actual knowledge that it owes defense and indemnity to Stillwell Masonry in the underlying lawsuit, but has knowingly failed to honor such obligation.

WHEREFORE, PREMISES CONSIDERED, the Defendant and Counter-Claimant, Stillwell Masonry, demands a judgment against the Plaintiff and Cross-Claim Defendant, State Auto, for attorney's fees, compensatory damages, punitive damages, costs, interest and all other relief as determined by a struck jury.

## COUNT II - BREACH OF CONTRACT

20. The Defendant and Counter-Claimant Stillwell Masonry avers each and every allegation and defense contained in paragraphs 1-19 as if set out herein.

21. The Defendant and Counter-Claimant Stillwell Masonry entered into a valid and enforceable contract for insurance with the Plaintiff and Counter-Claim Defendant, State Auto, with effective dates of February 22, 2001 through February 22, 2005, bearing Policy Number SOC 0015601.

22. The Defendant and Counter-Claimant Stillwell Masonry has performed all of its obligations under said contract, including the payment of all premiums due to the Plaintiff and Counter-Claim Defendant, State Auto.

23. The Plaintiff and Counter-Claim Defendant, State Auto, has failed to perform its obligations under the contract and by filing the instant Complaint for Declaratory Judgment has breached its contractual obligations to the Defendant and Counter-Claimant, Stillwell Masonry.

24. The Defendant and Counter-Claimant, Stillwell Masonry, has suffered damages as a consequence of the Plaintiff and Counter-Claim Defendant, State Auto's, breach of said contract. Stillwell Masonry's damages include, but are not limited to, attorney's fees and other costs and expenses associated with the underlying lawsuit and undertaking its own representation in this matter.

WHEREFORE, PREMISES CONSIDERED, the Defendant and Counter-Claimant, Stillwell Masonry, demands a judgment against the Plaintiff and Cross-Claim Defendant, State Auto, for attorney's fees, compensatory damages, costs, interest and all other relief as determined by a struck jury.

Respectfully Submitted,

/s/ Kevin T. Shires
Robert H. Sprain, Jr. (ASB-4177-A38R)
Kevin T. Shires (ASB-4382-e64k)
Attorney for the Defendant,
Stillwell Masonry Company, Inc.

OF COUNSEL:
Sprain & Shires, P.C.
1707 29th Court South
Homewood, Alabama 35209
(205) 802-7037
Email: ktshires@bellsouth.net

## JURY DEMAND

The Defendant and Counter-Claimant, Stillwell Masonry Company, Inc., demands a trial by a struck jury.

/s/ Kevin T. Shires
OF COUNSEL

## CERTIFICATE OF SERVICE

Please take notice that the foregoing pleading has been served on the following counsel of record in this cause of action by e-filing the same with the United States District Court for the Middle District of Alabama, and by placing a copy of the same in the United States Mail, first class, postage pre-paid, and by emailing it this the 29nd day of June, 2006.

Christopher Zulanas, Esq.
Mike Douglas, Esq.
Friedman, Leak, Dazzio, Zulanas & Bowling, P.C.
3800 Colonnade Parkway
Suite 650
Birmingham, Alabama  35243

/s/ Kevin T. Shires
OF COUNSEL