IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
**EASTERN DIVISION**

| | |
|---|---|
| STATE AUTO PROPERTY & CASUALTY<br>INSURANCE COMPANY, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION CASE NUMBER: |
| | ) |
| STILLWELL MASONRY COMPANY, INC., | ) **3:06-cv-435-DRB** |
| | ) |
| Defendant | ) |

## MOTION TO DISMISS COUNTERCLAIM

COMES NOW Plaintiff **State Auto Property & Casualty Insurance Company ("State**

**Auto")**, and moves this Honorable Court to dismiss the counterclaim filed against it by Stillwell Masonry

Company, Inc. ("Stillwell"). Defendant's counterclaim fails to state a claim upon which relief can be

granted under *Fed. R. Civ. P.* 12(b)(6). As grounds for this motion, State Auto sets forth and says as

follows:

1.      State Auto filed the present action in this Court seeking a declaration of its rights and

obligations to Stillwell to defend and/or indemnify it against a lawsuit pending in the Superior Court of

Muskogee County, Georgia styled *Total System Services, Inc. v. Alton Stillwell d/b/a Stillwell Masonry*

*Co., Inc., et al.*, bearing Civil Action Number: SU05-CV-2610-7. State Auto seeks a declaration of its

rights and obligations pursuant to 28 U.S.C. §2201, *Fed. R. Civ. P.* 57 and *Ala. Code* §6-6-220 (1975),

*et. seq.*, as well as applicable principles of common law.

2.      Despite the fact State Auto is entitled to request a declaration of its rights and obligations

pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201, *Fed. R. Civ. P.* 57 and *Ala. Code*

§6-6-220 (1975), *et. seq.*, as well as applicable principles of common law, Stillwell asserts in its counterclaim that State Auto's filing of its Complaint for Declaratory Judgment amounts to a breach of insurance contract and bad faith. (Stillwell's Counterclaim, Counts I and II).

3.    State Auto's decision to exercise its right to seek declaratory judgment does not constitute, as a matter of law, a breach of its contract with Stillwell.

4.    State Auto's decision to exercise its right to seek declaratory judgment is not, as a matter of law, a bad faith refusal of its obligations under Stillwell's insurance policy.

5.    Where, as here, a counterclaim fails to state any claim upon which relief can be granted, dismissal is appropriate under *Fed. R. Civ. P.* 12(b)(6) (2000).

WHEREFORE, PREMISES CONSIDERED, this Plaintiff respectfully requests that this Honorable Court dismiss Stillwell's counterclaim as a matter of law.

ATTORNEYS FOR STATE AUTO PROPERTY
& CASUALTY INSURANCE COMPANY

Christopher J. Zulanas
Email: czulanas@friedmanleak.com

Michael J. Douglas
Email: mdouglas@friedmanleak.com

**OF COUNSEL:**

FRIEDMAN, LEAK, DAZZIO, ZULANAS & BOWLING, P.C.
Post Office Box 43219
Birmingham, AL 35243
(205) 278-7000
(205) 278-7001 Fax

## CERTIFICATE OF SERVICE

I hereby certify I have caused a copy of the foregoing pleading to be mailed to all parties/counsel of record, via *E-FILE* on this the **18th** day of **July**, 2006.

Mr. Robert H. Sprain, Jr.
Mr. Kevin T. Shires
*Attorneys for Defendant Stillwell Masonry Co., Inc.*
**Sprain & Shires, P.C.**
1707 - 29th Court South
Homewood, AL 35209

_____
OF COUNSEL