IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
**EASTERN DIVISION**

| | |
|---|---|
| STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY, )<br><br>Plaintiff, )<br><br>vs. )<br><br>STILLWELL MASONRY COMPANY, INC., )<br><br>Defendant ) | CIVIL ACTION CASE NUMBER:<br><br>**3:06-CV-435-DRB** |

### BRIEF IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIM

COMES NOW the Plaintiff, **State Auto Property & Casualty Insurance Company ("State Auto")**, and in support of its Motion to Dismiss Defendant Stillwell Masonry Company, Inc.'s ("Stillwell") counterclaim, sets forth and says as follows:

### I. Procedural History

State Auto initiated the present lawsuit by filing its Complaint for Declaratory Judgment on May 15, 2006. In its Complaint for Declaratory Judgment, State Auto seeks a declaration of its rights and obligations under a policy of insurance issued to Stillwell for defense and/or indemnity against a lawsuit filed in the Superior Court of Muskogee County, Georgia styled *Total System Services, Inc. v. Alton Stillwell d/b/a Stillwell Masonry Co., Inc., et al.*, bearing Civil Action Number SU05-CV-2610-7. Specifically, State Auto seeks a declaration by this Court pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201, *Fed. R. Civ. P.* 57 and *Ala. Code* §6-6-220 (1975), *et. seq.*, as well as applicable principles of common law.

Stillwell filed its answer to State Auto's Complaint for Declaratory Judgment and its counterclaim against State Auto on June 29, 2006. In its counterclaim, Stillwell asserts State Auto's filing of its Complaint for Declaratory Judgment constitutes a breach of its insurance contract with Stillwell and a bad faith denial of coverage. (Counterclaim, Counts I and II).

## II. Legal Argument

### A. Seeking a legal determination of rights under an insurance contract cannot be a breach of said contract.

Stillwell alleges in its counterclaim that "by filing the instant Complaint for Declaratory Judgment [State Auto] has breached its contractual obligations." (Defendant's Answer and Counterclaim ¶ 17). In short, Stillwell argues that by exercising its right to seek guidance from this Court as to its rights and obligations under the insurance policy it issued to Stillwell, State Auto breached the insurance contract. That claim fails as a matter of law since State Auto has every right to pursue a declaratory judgment as it has here while defending Stillwell in the underlying action under a reservation of rights. *See, e.g., Universal Underwriters Ins. Co. v. East Central Ala. Ford-Mercury, Inc.*, 574 So.2d 716, 722 (Ala. 1990) (holding when an insurer refuses to defend or defends under a reservation of rights, the insurer is not precluded from determining the coverage issue in a declaratory judgment action either before or after the resolution of the underlying action). See also, *L & S Roofing Supply Co. v. St. Paul Fire & Marine Ins. Co.*, supra, at 1303-04 (relying on, *Tank v. State Farm Fire & Casualty Co.*, 105 Wash.2d 381, 715 P.2d 1133 (1986)).

The Alabama Supreme Court defines a breach of contract as, "the failure without legal excuse to perform any promise forming the whole or part of the contract." *Seybold v. Magnolia Land Co.*, 376 So.2d 1083, 1085 (Ala. 1979). As stated above, the Federal Declaratory Judgment Act, 28

U.S.C. §2201, *Fed. R. Civ. P.* 57 and *Ala. Code* §6-6-220 (1975), *et. seq.*, as well as applicable principles of common law allow parties to seek a determination of their rights under law. That right is plainly extended to insurance carriers like State Auto. Seeking guidance from the courts to determine an obligation is not, as a matter of law, a failure to perform under an insurance contract. Further, it is logically impossible to fail to meet an legal obligation that has not yet been determined. Therefore, State Auto's good faith attempt to determine what, if anything, it owes to Stillwell under its contract is not a breach of said contract. A determination in the alternative creates a situation where the breach can occur without a party knowing it has violated the terms of the contract because those terms have not yet been legally determined.

Finally, it is noteworthy that the terms pertaining to whether performance is required by State Auto are ripe for a declaratory judgment action – Stillwell makes no claim that the issue posed is improper for this forum. State Auto has a procedural right to declaratory judgment under federal law. It would defeat the purpose of declaratory judgment as a remedy if that process alone creates its own cause of action.

Accordingly, the defendant's counterclaim for breach of contract should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) as failing to state a claim under which relief can be granted. *U.S.C.S. Fed. R. Civ. P.* 12 (2006).

### B. Filing an action for declaratory judgment cannot be considered a bad faith act.

Under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq.*, a party may file an action so that, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201

(2006). The Alabama Supreme Court defines bad faith as the "intentional failure by an insurer to perform the duty of good faith and fair dealing implied by law." *Weaver v. Allstate Ins. Co.*, 574 So.2d 771, 773 (Ala. 1990)(citing *Koch v. State Farm Fire & Casualty Co.*, 565 So.2d 226 (Ala. 1990)). Further, the court has proscribed a two-tiered test for determining when the actions of an insurer constitute bad faith: (1) "there exists 'no lawful basis for the refusal [to pay] coupled with actual knowledge of that fact.' 'No lawful basis,' as expressed in that opinion, means that the insurer lacks a legitimate or arguable reason for failing to pay the claim;" (2) "trier of fact, by finding, on the part of the insurer, an 'intentional failure to determine whether or not there was any lawful basis for refusal [to pay],' may use that fact as an element of proof that no lawful basis for refusal ever existed. The relevant question before the trier of fact would be whether a claim was properly investigated and whether the results of the investigation were subjected to a cognitive evaluation and review." *Gulf Atlantic Life Ins. Co. v. Barnes*, 405 So.2d 916, 924 (Ala. 1981)(quoting *Chavers v. National Security Fire & Cas. Co.*, 405 So.2d 1, 7 (Ala. 1981)).

Stillwell states in its counterclaim that State Auto has committed the tort of bad faith "by filing the instant Complaint for Declaratory Judgment." (Defendant's Answer and Counterclaim ¶ 17). It is clear from the elements that constitute bad faith that State Auto's attempt to have this Court "declare the rights and other legal obligations" between it and Stillwell is not an actionable bad faith claim. Both tiers of a bad faith claim are squarely concerned with an insurer's refusal to pay a claim. Stillwell avers in its counterclaim that it was injured by the declaratory judgment action filed by State Auto, not a refusal to pay. The filing of a declaratory judgment action in no way constitutes a refusal of any kind – it is merely process to arrive at a determination of legal rights. By seeking a determination of its "lawful

basis" from this Court, State Auto is attempting to satisfy its obligation required under the second tier of the bad faith test.

Moreover, State Auto's attempt to gain an understanding of its obligations clearly contravenes an "intentional failure to determine" that would result in bad faith. It would be paradoxical to extrapolate a bad faith claim merely from behavior that, under Alabama law, is evidence that can be used to defeat one of the two elements of bad faith. Finally, it is impossible, as a matter of law, for State Auto to have knowledge of their obligation to Stillwell when the injury claimed comes as a result of State Auto's attempt to make itself knowledgeable about its obligations through the declaratory judgement action.

Because it is impossible for an declaratory judgment action, in and of itself, to satisfy bad faith under Alabama law, the defendant's counterclaim should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) as failing to state a claim under which relief can be granted. *U.S.C.S. Fed. R. Civ. P.* 12 (2006).

### III. Conclusion

WHEREFORE, PREMISES CONSIDERED, State Auto Property & Casualty Insurance Company respectfully requests that this Honorable Court dismiss Stillwell's counterclaim as a matter of law.

ATTORNEYS FOR STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY

_____
Christopher J. Zulanas
Email: czulanas@friedmanleak.com

Michael J. Douglas
Email: mdouglas@friedmanleak.com

**OF COUNSEL:**

FRIEDMAN, LEAK, DAZZIO, ZULANAS & BOWLING, P.C.
Post Office Box 43219
Birmingham, AL 35243
(205) 278-7000
(205) 278-7001 Fax

**CERTIFICATE OF SERVICE**

I hereby certify I have caused a copy of the foregoing pleading to be mailed to all parties/counsel of record, via ***E-FILE*** on this the 20th day of July, 2006.

_____
OF COUNSEL

cc:
Mr. Robert H. Sprain, Jr.
Mr. Kevin T. Shires
*Attorneys for Defendant Stillwell Masonry Co., Inc.*
**Sprain & Shires, P.C.**
1707 - 29th Court South
Homewood, AL 35209

4187