IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY, ) ) ) ) Plaintiff, ) ) v. ) ) STILLWELL MASONRY ) COMPANY, INC., ) ) Defendant. ) | Case No.: 3:06-cv-00435-DRB |

### DEFENDANT STILLWELL MASONRY COMPANY, INC.'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS

Comes Now the Defendant, Stillwell Masonry Company, Inc. ("Stillwell Masonry"), by and through its undersigned counsel, and files its Brief in Opposition to the Plaintiff, State Auto Property & Casualty Insurance Company's ("State Auto"), Motion to Dismiss the Defendant's Counter-Claim. As grounds in opposition thereto, the Defendant would state unto the Court as follows:

1. The Plaintiff, State Auto, has filed this Declaratory Judgment action against the Defendant, Stillwell Masonry. Throughout the entirety of its brief in support of its Motion to Dismiss State Auto asserts that it is simply seeking a declaration from this Court of its rights and obligations under the subject insurance policy and that seeking such determination can not amount to bad faith. State Auto's motivations for filing this case are not as innocent or altruistic as it would have this Court believe. State Auto's transparent goal is to deny insurance coverage to Stillwell Masonry in the underlying lawsuit. (In its Prayer for Relief in its Complaint State Auto requests this Court to determine "whether liability coverage, if any, exists for the claims made in the underlying

lawsuit" and to make a "determination of whether State Auto has a duty to defend and indemnify Stillwell Masonry in the underlying lawsuit". ¶ 13 of Plaintiff's Complaint) Put simply, State Auto's Declaratory Judgment action could just as easily be referred to as "State Auto's Bad Faith Breach of Contract Petition to Deny Insurance Coverage to its insured, Stillwell Masonry". State Auto is not seeking a declaration of its rights under the insurance policy, it is asking this Court to give its blessing to State Auto's bad faith breach of contract with its insured, Stillwell Masonry.

2.  State Auto argues in its Brief in Support of its Motion to Dismiss Stillwell Masonry's Counter-Claim that under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* and Ala. Code § 6-6-220 (1975), *et seq.*, it is statutorily entitled to pursue the instant Declaratory Judgment Action. Stillwell Masonry does not dispute whether or not State Auto can file a declaratory judgment action. Instead, Stillwell Masonry asserts that the declaratory judgment action has been filed in bad faith. Even so, State Auto makes the leap of faith that because it can file a declaratory judgment action such filing is therefore filed in good faith as a matter of law. None of the cases cited by State Auto support this conclusion. Instead, it is a well settled principle under Alabama law that "the mere filing of a declaratory judgment would not preclude the maintenance of a bad faith cause of action in a proper case". Morton v. Allstate Ins. Co., 486 So. 2d 1263, 1269-1270 (Ala. 1986) (citing Safeco Ins. Co. of America v. Sims, 435 So. 2d 1219 (Ala. 1983) ("We are of the opinion that the finding of a justiciable controversy is not the determining factor of whether there was or was not bad faith on the part of an insurance company to pay a claim. The standard for testing a bad faith claim is not found in either the adjudication of a justiciable controversy or the judgment on the merits of the contract claim.")).

3. It is equally important to note that under Alabama law a counter-claim for bad faith and breach of contract is a compulsory counter-claim in a declaratory judgment action filed by an insurer. See Safeco v. Sims, *supra*. Thus, the Plaintiff is asking this Court to find, as a matter of law, that a declaratory judgment action precludes a bad faith and breach of contract counter-claim when in fact the law requires the Defendant to file these claims as compulsory counter-claims, or forfeit them entirely. Sims, 435 So. 2d at 1222. ("The cause of action for bad faith refusal to honor insurance benefits accrues upon the event of the bad faith refusal, or upon the knowledge of facts which would reasonably lead the insured to a discovery of the bad faith refusal. . . the bad faith claim had accrued at a time within the compulsory counterclaim mandate of Rule 13(a)") (citing Dumas v. Southern Guaranty Ins. Co., 408 So. 2d 86 (Ala. 1981)).

4. The Plaintiff also expends a considerable amount of time attempting to convince this Court that the Defendant's counter-claim is based entirely on the fact that the Plaintiff's filing of a declaratory judgment action. The Defendant respectfully requests this Court to not apply such a narrow reading into the Defendant's counter-claim. For example, in paragraph eighteen (18) of the Defendant's counter-claim the Defendant asserts that the Plaintiff "has no legitimate or arguable reason for its failure to honor its contractual obligations" to the Defendant. Further, in paragraph nineteen (19) of the counter-claim the Defendant asserts that the Plaintiff "has actual knowledge that it owes defense and indemnity to Stillwell Masonry in the underlying lawsuit". Clearly, these allegations are not limited in scope to the simple filing of a declaratory judgment action. Instead, these allegations assert that the declaratory judgment action was the "overt act" that evidences the Plaintiff's bad faith conduct.

3

The Plaintiff now files this Motion to Dismiss and asks this Court to prevent the Defendant from conducting discovery on its breach of contract and bad faith claims to determine the motivation and intent behind the declaratory judgment action and attempt to deny the Defendant insurance coverage in the underlying litigation. While purely hypothetical, discovery in this case could reveal that employees of the Plaintiff exchanged emails and other correspondence amongst one another that evidences an intent to deny coverage to the Defendant due to State Auto's concern over the cost of defending or potential exposure in the underlying litigation. However, the Plaintiff wants to prematurely quash the Defendant's counter-claim and any discovery conducted pertaining to that claim, which is itself very telling.

The underlying lawsuit was filed almost ten (10) months before the instant declaratory judgment action was filed. During that time Stillwell Masonry freely shared information with State Auto, which was required by Stillwell Masonry's contractual duty to cooperate with the defense of the underlying litigation, without any notice or suspicion that the Plaintiff was simultaneously plotting to deny the Defendant coverage for the underlying litigation. Again, discovery could reveal that during the entire time that Stillwell Masonry was cooperating with the defense of the underlying litigation State Auto, in bad faith breach of its contractual obligation to its insured, was attempting to obtain information necessary to build and bolster a declaratory judgment action against Stillwell Masonry. The Defendant asserts that the declaratory judgment action has been filed with ill motive and intent, but the Plaintiff asks this Court to prematurely deny any discovery or development of this claim.

5.     In paragraph thirteen (13) of the Plaintiff's Complaint, which contains the Prayer for Relief, the Plaintiff asserts that a "real, bona fide controversy exists".

4

Seemingly, the Plaintiff takes the position that simply because the Plaintiff believes that a bona fide controversy exists then there can be no claim by the Defendant against the Plaintiff for breach of contract and bad faith. Again, this belief and assertion is contrary to the established case law. See Blackburn v. Fidelity & Deposit Co. of Maryland, 667 So. 2d 661, 672 (Ala. 1995) ("This Court has stated previously that the finding of a justiciable controversy in a declaratory judgment action would not bar a bad faith claim. Morton v. Allstate Ins. Co., 486 So.2d 1263 (Ala.1986); Safeco Ins. Co. of America v. Sims, 435 So.2d 1219 (Ala.1983). "The standard for testing a bad faith claim is not found in either the adjudication of a justiciable controversy or the judgment on the merits of the contract claim.... [W]hether there is a bad faith claim will be determined by the facts and circumstances of each case." Sims, 435 So.2d at 1223.")).

WHEREFORE, PREMISES CONSIDERED, the Defendant, Stillwell Masonry, respectfully requests this Court to deny the Plaintiff's Motion to Dismiss.

Respectfully Submitted,

/s/ Kevin T. Shires
Robert H. Sprain, Jr. (ASB-4177-A38R)
Kevin T. Shires (ASB-4382-e64k)
Attorney for the Defendant,
Stillwell Masonry Company, Inc.

OF COUNSEL:
Sprain & Shires, P.C.
1707 29th Court South
Homewood, Alabama  35209
(205) 802-7037
Email: ktshires@bellsouth.net

5

## CERTIFICATE OF SERVICE

Please take notice that the foregoing pleading has been served on the following counsel of record in this cause of action by e-filing the same with the United States District Court for the Middle District of Alabama, and by emailing a copy of the same to the following individuals on this the 8th day of August, 2006.

Christopher Zulanas, Esq.
Mike Douglas, Esq.
Friedman, Leak, Dazzio, Zulanas & Bowling, P.C.
3800 Colonnade Parkway
Suite 650
Birmingham, Alabama  35243

                                                           /s/ Kevin T. Shires
                                                         OF COUNSEL