IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
**EASTERN DIVISION**

| | |
|---|---|
| STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) CIVIL ACTION CASE NUMBER:<br>) |
| STILLWELL MASONRY COMPANY, INC., | ) **3:06-cv-435-DRB**<br>) |
| Defendant | ) |

PLAINTIFF STATE AUTO PROPERTY &
CASUALTY INSURANCE COMPANY'S REPLY BRIEF

COMES NOW the Plaintiff/Counterclaim Defendant, **State Auto Property & Casualty Insurance Company ("State Auto")**, and in reply to Stillwell Masonry Company, Inc.'s Brief in Opposition to State Auto's Motion to Dismiss, submits this legal memorandum brief.

As Stillwell Masonry admits in its Opposition Brief, State Auto is currently and has been defending it under a reservation of rights in the underlying lawsuit since its filing. State Auto has not denied Stillwell Masonry a defense or any other coverage obligations and a close reading of both Stillwell Masonry's counterclaim and opposition brief makes that abundantly clear.

In both its counterclaim and opposition brief, Stillwell Masonry states its breach of contract and bad faith claims are based upon the fact State Auto filed the present declaratory judgment action seeking a declaration of its rights and obligations to Stillwell Masonry, something State Auto or any other insurer is obviously allowed to do. Nowhere does Stillwell Masonry allege State Auto has denied it a defense or refused any policy benefits; in fact, the pleadings show the exact opposite is true. Since the pleadings show Stillwell Masonry cannot make a claim against State Auto for breach of contract or bad faith, its counterclaim is due to be dismissed.

Alabama courts have long recognized that an insurer may defend its insured under a reservation of rights while, at the same time, seeking a declaration of its rights and obligations to that insured in a declaratory judgment action. *See, e.g., Universal Underwriters Ins. Co. v. East Central Alabama Ford Mercury, Inc.*, 574 So.2d 716, 722 (Ala. 1990); *L&S Roofing Supply Co. v. St. Paul Fire & Marine Ins. Co.*, 521 So.2d 1298 (Ala. 1987) at 1303-04 (relying on *Tank v. State Farm Fire & Cas. Co.*, 105 WA.2d 381, 715 P.2d 1133 (1986). Following that procedure, as State Auto has done here, cannot amount to a breach of contract or bad faith.

In order for Stillwell Masonry to succeed on its breach of contract claim, it must show substantial proof of (1) the existence of a contract between it and State Auto, (2) performance by it, (3) failure to perform by State Auto and (4) resulting damage to Stillwell Masonry. *Moundville Lumber Co. v. Warren*, 203 Ala. 488, 83 So. 479 (1919); *Hamil v. Flowers*, 183 Ala. 301, 63 So. 994 (1913); Ala. Pattern Jury Instruction 10.12. Here, Stillwell Masonry cannot prove and shows no evidence whatsoever, that State Auto has failed to perform its duties under its insurance contract or that Stillwell Masonry has been damaged. To the contrary, Stillwell Masonry admits State Auto is and has been defending it in the underlying action and all State Auto is asking is that this Court make a determination as to its rights and obligations and those of Stillwell Masonry, under the insurance policy in question. Since the pleadings show State Auto has not failed to perform its duties under its insurance policy as there is no allegation Stillwell Masonry has been damaged in any way, Stillwell Masonry's claim for breach of contract does not state a claim upon which relief may be granted and is due to be dismissed as a matter of law.

Since Stillwell Masonry's breach of contract claim is due to be dismissed as a matter of law, so is its claim for bad faith. As a number of the decisions cited by Stillwell Masonry in its opposition brief show, the essential elements of a bad faith claim are:

>   (1)  That there was an insurance contract between the parties;
>
>   (2)  That by the terms of the contract, the insurer was obligated to pay the insured's claim;
>
>   (3)  That the insurer intentionally refused to pay the claim;
>
>   (4)  That there was no reasonably legitimate, arguable or debatable reason for that refusal to pay, that is, no reason that was open to dispute or question; and
>
>   (5)   That the insurer had actual knowledge that there was no reasonably legitimate, arguable or debatable reason.

*See, Morton v. Allstate Ins. Co.*, 486 So.2d 1263, 1267-68 (Ala. 1986); *Blackburn v. Fidelity & Deposit Co. of Maryland*, 667 So.2d 661, 667 (Ala. 1995); Ala. Pattern Jury Instruction 20.37 (2nd Ed.). Bad faith is not a negligence action and a "plaintiff must go beyond a mere showing of non-payment and prove a bad faith non-payment, a non-payment without any reasonable ground for dispute." *Morton, supra*, 486 So.2d at 1268.

Here, there is not even an allegation of non-payment by State Auto, since no such allegation can be made. As reflected by the pleadings, Stillwell Masonry has not been denied any policy benefits. To the contrary, the pleadings show State Auto is defending Stillwell Masonry in the underlying lawsuit and is simply seeking this Court's determination as to its rights and those of Stillwell Masonry under the insurance policy in question. Consequently, since Stillwell Masonry has not made a claim for bad faith upon which relief may be granted and the pleadings reflect the elements of bad faith cannot be shown, Stillwell Masonry's claim for bad faith is due to be dismissed as a matter of law.

WHEREFORE, PREMISES CONSIDERED, State Auto Property & Casualty Insurance Company respectfully requests that this Honorable Court dismiss Stillwell Masonry Company, Inc.'s Counterclaim as a matter of law and on a full and final basis.

/s/ Chris Zulanas
Christopher J. Zulanas
Michael J. Douglas
Attorneys for Plaintiff / Counterclaim Defendant
State Auto Property & Casualty Insurance Company
FRIEDMAN, LEAK,
DAZZIO, ZULANAS & BOWLING, P.C.
3800 Colonnade Pkwy., Suite 650
Post Office Box 43219
Birmingham, AL 35243
(205) 278-7000
(205) 278-7001 Fax
Email: czulanas@friedmanleak.com
Email: mdouglas@friedmanleak.com

CERTIFICATE OF SERVICE

I hereby certify I have caused a copy of the foregoing pleading to be electronically filed and served on all counsel of record listed below on this date: August 17, 2006.

Robert H. Sprain, Jr.
Kevin Tannehill Shires
**SPRAIN & SHIRES, P.C.**
1707 South 29th Court
Homewood, AL 35209
Email: rhs@sprainlaw.com
Email: ktshires@bellsouth.net, ktshires@hotmail.com

/s/ Chris Zulanas
OF COUNSEL