IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY, | ) ) ) |
| PLAINTIFF, | ) ) |
| v. | ) CASE NO. 3:06-cv-435-MEF ) |
| STILLWELL MASONRY COMPANY, INC. | ) (WO-Not Recommended for Publication) ) ) |
| DEFENDANT. | ) |

**MEMORANDUM OPINION AND ORDER**

A federal court is a court of limited of jurisdiction. *Kokkonen v. Guardian Life Ins.,* 511 U.S. 375, 377 (1994). That is, a federal court is authorized to entertain only certain actions which the Constitution or Congress has authorized it to hear. *Id.* "It is to be presumed that a cause lies outside this limited jurisdiction, ..., and the burden of establishing the contrary rests upon the party asserting jurisdiction,...." *Id.* (citations omitted). Therefore, a plaintiff is required by Rule 8(a)(1) of the Federal Rules of Civil Procedure to allege in his complaint "a short and plain statement of the grounds upon which the court's jurisdiction depends." A federal court's jurisdiction must be established by a plaintiff in the complaint by stating the basis of the court's jurisdiction and by pleading facts that demonstrate the existence of jurisdiction. *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994); *Kirkland*

*Masonry, Inc. v. Comm'r,* 614 F.2d 532, 533 (5th Cir. 1980) (same).[1]

"[O]nce a court determines that there has been no [Congressional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). *Accord*, *Barnett v. Bailey,* 956 F.2d 1036, 1039-41 (11th Cir. 1992) (holding that a court is required to examine its jurisdiction over an action at any time and dismiss an action *sua sponte* for lack of subject matter jurisdiction if jurisdiction is not found).

The Complaint for Declaratory Judgment (Doc. # 1) alleges that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2201 *et seq.*, Federal Rule of Civil Procedure 57, and Alabama Code § 6-6-220 (1975). Doc. # 1 at ¶ 4. It is obvious that neither Federal Rule of Civil Procedure 57, nor Alabama Code § 6-6-220 (1975) provide a basis for this Court's exercise of federal subject matter jurisdiction over this action. Although less obvious, it is equally well-settled that 28 U.S.C. § 2201 *et seq.*, which is also known as the Declaratory Judgment Act, fails to provide an independent basis for subject matter jurisdiction.

The Declaratory Judgment Act provides that "in a case of actual controversy *within its jurisdiction*" a federal district court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

---

[1] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. Nov. 3, 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

28 U.S.C. § 2201 (emphasis added).  The Declaratory Judgment Act does not, however, confer federal subject matter jurisdiction; rather, it "merely creates a new remedy in cases or controversies for which an independent basis of federal jurisdiction exists."  *See, e.g., Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671-72 (1950); *First Fed. Sav. & Loan Ass'n v. Brown,* 707 F.2d 1217, 1220 (11th Cir. 1983); *Commercial Metals Co. v. Balfour, Guthrie & Co.,* 577 F.2d 264, 268 (5th Cir. 1978); *Mason & Dixon Lines, Inc. v. Eagerton*, 555 F. Supp. 434, 436 (M.D. Ala. 1982) (Hobbs, J.).  Thus, to sustain a declaratory judgment action in federal court, a plaintiff *must invoke a basis for subject matter jurisdiction that is separate from the Declaratory Judgment Act itself*.

In this case, plaintiff cannot be said to have *invoked* any viable basis for subject matter jurisdiction, such as 28 U.S.C. §§ 1331 or 1332.  Moreover, from the facts alleged, the Court cannot ascertain whether it has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 or 1332.  Unless the plaintiff is able to articulate a basis on which this Court may exercise subject matter jurisdiction over this action, this case must be dismissed without prejudice.  Accordingly, it is hereby ORDERED as follows:

    1.  If the plaintiff contends that this Court has subject matter jurisdiction over this action, Plaintiff is DIRECTED to file an Amended Complaint which clearly sets forth the factual and legal basis for this Court's subject matter jurisdiction by no later than **September 20, 2006**.  Failure to timely file an Amended Complaint in compliance with this Memorandum Opinion and Order will result in the immediate dismissal of this case without

prejudice for want of subject matter jurisdiction. Moreover, should it appear to the Court from the Amended Complaint that it lacks subject matter jurisdiction over this action, this case will be dismissed without prejudice for want of subject matter jurisdiction. Such a dismissal should not prejudice the plaintiff's ability to pursue its action in a court of the State of Alabama.

2. If plaintiff concedes that this Court does not have subject matter jurisdiction over this action, Plaintiff is DIRECTED to file a proper motion pursuant to Federal Rule of Civil Procedure 41(a)(2) seeking dismissal of this action without prejudice by no later than **September 20, 2006**.

DONE this the 13th day of September, 2006.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE