IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
**EASTERN DIVISION**

| | |
|---|---|
| STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY,   )<br>)<br>Plaintiff,   )<br>)<br>vs.   )<br>)<br>STILLWELL MASONRY COMPANY, INC.,   )<br>)<br>Defendant   ) | CIVIL ACTION CASE NUMBER:<br><br>**3:06-cv-435-DRB** |

**AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW, Plaintiff State Auto Property & Casualty Insurance Company ("State Auto"), and seeks a declaration of its rights and obligations under a policy of insurance issued to Stillwell Masonry Company, Inc. ("Stillwell Masonry") pursuant to 28 U.S.C. §2201, Federal Rule of Civil Procedure 57 and Alabama Code §6-6-220 (1975), *et. seq.*, as well as applicable principles of common law.

**I. Parties, Jurisdiction and Venue**

1. This cause arises out of a civil action styled *Total System Services, Inc. v. Alton Stillwell d/b/a Stillwell Masonry Co., Inc., et al.*, bearing Civil Action Number: SU05-CV-2610-7, pending in the Superior Court of Muscogee County, Georgia. (Hereinafter referred to as "the underlying lawsuit", a copy of which is attached hereto as Exhibit 1). The damages at issue in the underlying lawsuit exceed Seventy-Five Thousand Dollars ($75,000.00).

2. Plaintiff State Auto is a foreign corporation with its principal place of business located in Ohio, authorized and licensed to conduct insurance business in the State of Alabama.

3.	Defendant Stillwell Masonry is an Alabama corporation with its principal place of business located in Alabama.

4.	This Court has federal diversity jurisdiction over this matter pursuant to 28 U.S.C. §1332, and any other applicable law, as at all material times herein mentioned, State Auto is a foreign corporation and resident citizen of Ohio and Stillwell Masonry is a resident citizen of Alabama. Also, the matter in question involves an amount in controversy exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs. Consequently, this matter is between citizens of different states involving an amount exceeding the minimum federal court jurisdictional limit and 28 U.S.C. §1332 confers original jurisdiction over this matter to the court.

## II. Factual Background

5.	State Auto issued a Series I Contractor's Policy to Stillwell Masonry with effective dates of February 22, 2001 through February 22, 2005, bearing Policy Number SOC 0015601. (A true and correct copy of said policy is attached hereto as Exhibit 2). The policy in effect from February 22, 2004 through February 22, 2005 contained the endorsement CG 21 67 (04/02) which excludes coverage for "bodily injury" or "property damage" arising in whole or in part from "fungi" or bacteria and also excludes coverage for the cost of testing or remediating the effects of "fungi" or bacteria. This endorsement also defines "fungi" as "...any type or form of fungus, including mold and mildew...". (A true and correct copy of said endorsement is attached hereto as Exhibit 3).

6.	The underlying lawsuit arises out of the construction of and alleged subsequent damage to a large building housing a childcare development center which is located in or near Columbus, Georgia. The building was built for and is owned by Total System Services, Inc. ("TSS"). TSS filed a lawsuit in the

Superior Court of Muscogee County, Georgia on August 10, 2005 which names many of the contractors and professionals involved in the design and construction of the childcare development center as defendants. Among those is State Auto's insured, Stillwell Masonry.

7. Specifically, TSS contends Denson Contracting Company served as a general contractor on the project and subcontracted masonry service and supply work to Stillwell Masonry. (Complaint, ¶34). The project was declared substantially complete on August 12, 2001 and was fully completed shortly thereafter. *Id.* at ¶39. TSS claims that evidence of latent defects in construction and design "became apparent in various aspects of the project's wall structures and associated areas" several months after completion. *Id.* at ¶41. At that time, the building was allegedly suffering from water intrusion. *Id.*

8. Then, in late 2004 to early 2005, TSS contends "defects and instances of economic loss due to the defects emerged" and investigations and tests were conducted to determine the source and scope of the alleged defects. *Id.* at ¶42. TSS alleges the investigations and tests revealed "a serious water intrusion problem was developing within the Project walls and within the Project itself, as a result of faulty design and construction." *Id.* Finally, TSS concludes "it was determined that the most efficient and cost-effective solution would be to 'strip' the walls and veneer off of the structure of the building, clean the area and then re-craft the walls and veneer around the existing structure, using a non-defective design and proper construction methods." *Id.* at ¶57.

9. Based upon those allegations, TSS asserts various counts against the defendants. A negligent construction count is asserted against Stillwell Masonry. (Complaint, Count II). TSS specifically claims "Stillwell provided masonry services for the Project which were found to be defective and un-workmanlike" and "by failing to utilize proper construction methods and failing to provide non-defective

services in the masonry work, Stillwell created or exacerbated defects in the Project...". (Complaint, ¶71 and ¶74).

10. As damages, TSS claims it has been forced to suffer numerous costs and expenses, the value of the Project has greatly reduced and it cannot be used for its intended purpose. Also, TSS alleges that it incurred expenses in testing the Center for air-quality and arranging for substitute accommodations for childcare participants and that it will have to devote millions of dollars to pay for remediation and renovation while incurring additional costs for substitute accommodations in the meantime. (Complaint, ¶¶59-64).

11. State Auto's Series I Contractor's Policy contains numerous provisions which apply to the underlying lawsuit and Stillwell Masonry's coverage claim. Among other provisions, the policy states:

> **COMMERCIAL GENERAL LIABILITY COVERAGE FORM**
>
> **SECTION I – COVERAGES**
>
> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**
>
> ...
>
> a. ...However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply....
>
> ...
>
> b. This insurance applies to "bodily injury" and "property damage" only if:

-4-

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

(2) The "bodily injury" or "property damage" occurs during the policy period.

•••

2. Exclusions

This insurance does not apply to:

(j) Damage to Property

"Property damage" to:

(5) That particular part of real property on which you or any contractor's or subcontractor's working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

•••

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard."

k. Damage To Your Product

"Property damage" to "your product" arising out of it or any part of it.

l. Damage To Your Work

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

-5-

m. Damage To Impaired Property Or Property Not Physically Injured

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

...

**SECTION V – DEFINITIONS**

...

8. "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

b. You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by:

a. The repair, replacement, adjustment or removal of "your product" or "your work"; or

b. Your fulfilling the terms of the contract or agreement.

...

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

...

16. "Products-completed operations hazard":

a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

...

17. "Property damage" means:

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

...

20. "Your product" means:

a. Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

...

21. "Your work" means:

a. Work or operations performed by you or on your behalf; and

b. Materials, parts or equipment furnished in connection with such work or operations.

...

**This endorsement changes the policy. Please read it carefully.**

**AMENDMENT OF INSURING AGREEMENT – KNOWN INJURY OR DAMAGE**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART (OCCURRENCE VERSION)**

Paragraph **1. Insuring Agreement** of **Section I – Coverage A – Bodily Injury And Property Damage Liability** is replaced by the following:

...

(3) Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

...

d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

...

**This endorsement changes the policy. Please read it carefully.**

**FUNGI OR BACTERIA EXCLUSION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. The following exclusion is added to Paragraph 2., Exclusions of **Section I – Coverage A – Bodily Injury And Property Damage Liability**:

**2. Exclusions**

This insurance does not apply to:

**Fungi or Bacteria**

a. "Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

b. Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in ay way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

This exclusion does not apply to any "fungi" or bacteria that are, are on, or are contained in, a good or product intended for consumption.

**B.** The following exclusion is added to Paragraph 2., Exclusions of **Section I – Coverage B – Personal And Advertising Injury Liability:**

**2. Exclusions**

This insurance does not apply to:

**Fungi or Bacteria**

a. "Personal and advertising injury" which would not have taken place, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of any

-9-

"fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury.

b. Any loss, cost or expense arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

C. The following definition is added to the **Definitions** Section:

"Fungi" means any type or form of fungus, including mold or mildew any and mycotoxins, spores, scents or byproducts produced or released by fungi.

12. Among others, justiciable controversies exist as to whether the allegations in the underlying lawsuit amount to an "occurrence" as the term is defined in State Auto's policy, whether "property damage" as that term is defined in State Auto's policy is at issue and whether the allegations in the underlying lawsuit are excluded from coverage by "your product", "your work", "impaired property exclusions", "fungi and bacterial exclusions" and others in State Auto's policy. Stillwell Masonry has notified State Auto of the underlying lawsuit, made a claim for insurance coverage for same and an actual controversy exists as to whether State Auto owes a defense and/or indemnity to Stillwell Masonry under an insurance policy issued by it to Stillwell Masonry such that a declaration of State Auto's and Stillwell Masonry's rights and obligations by this Court is necessary.

### III. Claims For Relief

13.     A real, bonafide controversy exists, as defined by the Federal Declaratory Judgment Act, 28 U.S.C. §2201, *et. seq.*, between the parties with regard to State Auto's duties and obligations under its policy of insurance and as to whether liability coverage, if any, exists for the claims made in the underlying lawsuit.

WHEREFORE, PREMISES CONSIDERED, State Auto Property & Casualty Insurance Company prays this Court will take jurisdiction over this matter and issue a judgment declaring the rights and duties of the parties to this action, including, but not limited to, a determination of whether State Auto has a duty to defend and indemnify Stillwell Masonry in the underlying lawsuit. Additionally, State Auto prays for any other legal and equitable relief to which it may be entitled.

Respectfully submitted,

/s/ Christopher J. Zulanas
Christopher J. Zulanas
Email: czulanas@friedmanleak.com

Michael J. Douglas
Email: mdouglas@friedmanleak.com

Attorneys for Plaintiff – State Auto Property & Casualty Insurance Company

**Of Counsel:**
FRIEDMAN, LEAK, DAZZIO, ZULANAS & BOWLING, P.C.
Post Office Box 43219
Birmingham, AL 35243
Tel: (205) 278-7000
Fax: (205) 278-7001

## CERTIFICATE OF SERVICE

I hereby certify I have caused a copy of Plaintiff's Amended Complaint for Declaratory Judgment to be electronically filed and served on counsel listed below on this **14TH** day of **SEPTEMBER**, 2006.

Mr. Robert H. Sprain, Jr.
Email: rhs@sprainlaw.com
SPRAIN & SHIRES, P.C.
1707 - 29th Court South
Homewood, AL 35209

Mr. Kevin T. Shires
Email: ktshires@bellsouth.net; ktshires@hotmail.com
SPRAIN & SHIRES, P.C.
1707 - 29th Court South
Homewood, AL 35209

_____
OF COUNSEL