**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| **STATE AUTO PROPERTY &** )<br>**CASUALTY INSURANCE COMPANY,** )<br> )<br> **Plaintiff,** )<br> )<br>**v.** )<br> )<br>**STILLWELL MASONRY** )<br>**COMPANY, INC.,** )<br> )<br> **Defendant.** ) | **Case No.: 3:06-cv-00435-DRB** |

### DEFENDANT STILLWELL MASONRY COMPANY, INC.'S
### ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTER-CLAIM

Comes Now the Defendant, Stillwell Masonry Company, Inc. ("Stillwell"), by and through its undersigned counsel, and files its Answer to the Plaintiff, State Auto Property & Casualty Insurance Company's ("State Auto"), Amended Complaint for Declaratory Judgment as follows:

### ANSWER

1.      The Defendant admits that an action styled *Total System Services, Inc. v. Alton Stillwell d/b/a Stillwell Masonry Co., Inc.*, bearing Civil Action Number: SU05-CV-2610-7, is currently pending in the Superior Court of Muscogee County, Georgia. (hereinafter referred to as the "underlying lawsuit"). The Defendant admits that the Plaintiff in the underlying lawsuit in Georgia claims more than Seventy-Five Thousand Dollars ($75,000.00) in damages from the collective Defendants, but denies that the Plaintiff in the underlying lawsuit is entitled to recover said amount.

2.      Stillwell Masonry is without sufficient information to admit or deny this allegation. Therefore, this allegation is denied.

3.    Admitted.

4.    Denied.  Stillwell asserts that State Auto owes Stillwell defense and indemnity to Stillwell in the underlying lawsuit and that State Auto has acted in bad faith by filing the instant Complaint for Declaratory Judgment. Further, Stillwell denies that this action involves an amount in controversy exceeding Seventy-Five Thousand Dollars ($75,000.00), as required by 28 U.S.C. § 1332, and demands strict proof thereof.

5.    Stillwell admits that State Auto has properly stated certain portions of the policy of insurance.    However, Stillwell expressly disagrees with State Auto's interpretation of those provisions and demands strict proof thereof.

6.    Stillwell admits that the Plaintiff in the underlying lawsuit named Stillwell as a Defendant. However, Stillwell denies all characterizations of the allegations in the underlying lawsuit and demands strict proof thereof.

7.    Except for those portions of the underlying complaint that are quoted directly from the complaint, Stillwell denies all characterizations of the allegations in the underlying lawsuit and demands strict proof thereof.

8.    Except for those portions of the underlying complaint that are quoted directly from the complaint, Stillwell denies all characterizations of the allegations in the underlying lawsuit and demands strict proof thereof.

9.    Defendant Stillwell admits that Total System Services, Inc.'s, ("TSS"), complaint in the underlying lawsuit has a count against Stillwell for negligent construction. However, except for those portions of the underlying complaint that are quoted directly from the complaint, Stillwell denies all characterizations of the allegations in the underlying lawsuit and demands strict proof thereof.

10.    Except for those portions of the underlying complaint that are quoted directly from the complaint, Stillwell denies all characterizations of the allegations in the underlying lawsuit and demands strict proof thereof.

11.    Stillwell admits that the Plaintiff has correctly identified and quoted certain portions of the policy that is the subject of the instant cause of action.  However, Stillwell asserts that there are other portions of the policy of insurance which are applicable to this cause of action and which have not been cited, quoted or otherwise mentioned by the Plaintiff.

12.    Denied.  Stillwell asserts that there is no justiciable controversy, that State Auto owes Stillwell defense and indemnity to Stillwell in the underlying lawsuit and that State Auto has acted in bad faith by filing the instant Complaint for Declaratory Judgment.

13.    Denied.    Stillwell asserts that State Auto owes Stillwell defense and indemnity to Stillwell in the underlying lawsuit and that State Auto has acted in bad faith by filing the instant Complaint for Declaratory Judgment.

14.    Stillwell asserts each and every defense and claim set out in its Original Answer to the Plaintiff's Complaint as if set out herein.

Respectfully Submitted,


/s/ Kevin T. Shires
Robert H. Sprain, Jr. (ASB-4177-A38R)
Kevin T. Shires (ASB-4382-e64k)
Attorney for the Defendant,
Stillwell Masonry Company, Inc.


3

OF COUNSEL:
Sprain & Shires, P.C.
1707 29th Court South
Homewood, Alabama   35209
(205) 802-7037
Email: ktshires@bellsouth.net

## CERTIFICATE OF SERVICE

Please take notice that the foregoing pleading has been served on the following counsel of record in this cause of action by e-filing the same with the United States District Court for the Middle District of Alabama, and by emailing it this the 18th day of October, 2006.

Christopher Zulanas, Esq.
Mike Douglas, Esq.
Friedman, Leak, Dazzio, Zulanas & Bowling, P.C.
3800 Colonnade Parkway
Suite 650
Birmingham, Alabama   35243

/s/ Kevin T. Shires
OF COUNSEL