IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY, | ) ) ) |
| PLAINTIFF, | ) ) |
| v. | ) CASE NO. 3:06-cv-435-MEF ) |
| STILLWELL MASONRY COMPANY, INC. | ) (WO-Recommended for Publication) ) ) |
| DEFENDANT. | ) |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on the Motion to Dismiss Counterclaim (Doc. # 6) filed by Plaintiff State Auto Property & Casualty Insurance Company ("State Auto") on July 18, 2006. The Court has carefully considered the arguments and authorities offered in support of and in opposition to this motion and finds that it is due to be GRANTED.

**FACTUAL AND PROCEDURAL BACKGROUND**

State Auto issued a Series I Contractor's Policy to Stillwell Masonry Company, Inc. ("Stillwell") with effective dates of February 22, 2001 through February 22, 2005. Total System Services, Inc. ("Total Systems") filed a lawsuit in Muscogee County, Georgia on August 10, 2005 in which it alleges that Stillwell and others negligently constructed a building for Total Systems in 2001 and that the defects were not discovered until later in 2004 and early in 2005. After receiving notice of the Georgia lawsuit from Stillwell, State Auto provided Stillwell a defense under a reservation of rights.

On May 15, 2006, State Auto initiated the instant lawsuit by filing a Complaint for Declaratory Judgment (Doc. # 1).[1] By this action, State Auto sought a declaration of its rights and obligations under the policy of insurance it issued to Stillwell. In addition to answering the Complaint, Stillwell filed a Counterclaim which consisted of two counts: bad faith and breach of contract. The alleged factual basis for these claims is that by filing the Complaint for Declaratory Judgment State Auto has intentionally refused to honor and breached its contractual obligations owed to Stillwell under the insurance policy (Doc. # 5 at ¶¶ 12, 13, 17 & 23). State Auto filed a Motion to Dismiss Counterclaim (Doc. # 6). The parties have fully briefed their respective positions in support of and in opposition to the Motion to Dismiss Counterclaim.

## DISCUSSION

In the Motion to Dismiss Counterclaim and supporting briefs, State Auto argues that the claims in the counterclaim against it fail to state a claim for which relief can be granted and that those claims must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). A court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see also Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986). Put another way, dismissal is appropriate where it is clear the plaintiff can prove no set of facts in support of the claims in

---

[1] State Auto subsequently filed an Amended Complaint for Declaratory Judgment (Doc. # 13) which clarified the basis for this court subject matter jurisdiction over this action.

the complaint. *See*, *e.g.*, *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006); *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993). Dismissal is therefore permitted "when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Id.* In considering the merits of a motion to dismiss for failure to state a claim, the Court will accept as true all well-pleaded *factual* allegations and will view them in a light most favorable to the nonmoving party. *See*, *e.g.*, *Hishon*, 467 U.S. at 73; *Glover*, 459 F.3d at 1308.

Given the requisite elements of the claims articulated in the Counterclaim, the Court finds that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. To establish a breach of contract claim under Alabama law, Stillwell must show that State Auto failed to perform under a contract. Similarly, a bad faith claim requires a showing that the insurer has intentionally refused to pay a claim. Seeking a legal determination of the requirements of the contract by filing a declaratory judgment action cannot, in and of itself, constitute a breach of the contract or bad faith so long as the insurer continues to perform under the contract until obtaining a ruling that the contract's provisions do not require its performance. Moreover, even if the goal of the declaratory judgment action is to deny insurance coverage in the underlying action if legally permissible, this Court cannot find that merely seeking a determination of its rights and obligations under the insurance contract in a declaratory judgment action

## CONCLUSION

In light of the foregoing, it is hereby ORDERED that the Motion to Dismiss

Counterclaim (Doc. # 6) is GRANTED and the claims brought by Stillwell Masonry Company, Inc. are DISMISSED.

DONE this the 22nd day of December, 2006.

                                            /s/ Mark E. Fuller
                                 CHIEF UNITED STATES DISTRICT JUDGE