IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
**EASTERN DIVISION**

| | |
|---|---|
| STATE AUTO PROPERTY & <br> CASUALTY INS. CO., <br><br> Plaintiff, <br><br> vs. <br><br> STILLWELL MASONRY CO., INC., <br><br> Defendant | ) <br> ) <br> ) <br> ) CIVIL ACTION CASE NUMBER: <br> ) <br> ) **3:06-CV-0435-DRB** <br> ) <br> ) <br> ) <br> ) |

## STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT

COMES NOW the Plaintiff, **State Auto Property & Casualty Insurance Company ("State Auto")**, and pursuant to Federal Rule of Civil Procedure 56, moves this Honorable Court to enter summary judgment in its favor, declaring on a full and final basis it owes no defense and/or indemnity, contribution or coverage on those certain insurance policies issued to Stillwell Masonry Company, Inc. As grounds for this motion, Plaintiff State Auto sets forth and says as follows:

1. In the present action, State Auto seeks a declaration of its rights and obligations under policies of insurance issued to Stillwell Masonry Company, Inc. (State Auto's Complaint for Declaratory Judgment). Specifically, State Auto issued insurance policies containing general liability coverage to Stillwell Masonry Company, Inc. with effective dates of February 22, 2001 through February 22, 2005, bearing policy number SOC 0015601. (State Auto's Complaint for Declaratory Judgment, Exhibit 2). Along with its answer, Stillwell Masonry Company, Inc. filed a counterclaim in which it alleges coverage exists under State Auto's policies. (Stillwell Masonry Company, Inc.'s Answer and Counterclaim).

2.    State Auto requests a declaration of its rights and obligations under said insurance policies to defend and/or indemnify Stillwell Masonry Company, Inc. for the Civil Action styled *Total System Services, Inc. v. Alton Stillwell d/b/a Stillwell Masonry Co., Inc., et al.*, bearing Civil Action Number: SU05-CV-2610-7, pending in the Superior Court of Muscogee County, Georgia. (Hereinafter referred to as "the underlying lawsuit", a copy of which is attached to State Auto's Complaint for Declaratory Judgment, as amended, as Exhibit 1). The underlying lawsuit arises out of the construction of and alleged subsequent damage to a child care development center on which Stillwell Masonry Company, Inc. served as the masonry subcontractor. *Id.* In the underlying lawsuit, it is claimed water intruded into the walls of the building as a result of faulty design and construction. (Underlying lawsuit, ¶ 42). Specifically, the underlying lawsuit claims "Stillwell provided masonry services for the project which were found to be defective and unworkmanlike" and "by failing to utilize proper construction methods and failing to provide non-defective services in the masonry work, Stillwell created or exacerbated defects in the project...". (Underlying lawsuit, ¶ 71 and ¶ 74). As a result, the Plaintiff in the underlying lawsuit contends "it was determined that the most efficient and cost-effective solution would be to "strip" the walls and veneer off of the structure of the building, clean the area and then re-craft the walls and veneer around the existing structure, using a non-defective design and proper construction methods." (Underlying lawsuit, ¶ 57).

3.    State Auto's policy contains numerous provisions and language which apply to the underlying lawsuit and State Auto adopts and incorporates the language contained within its policies as if fully set forth herein.

4.    In short, there is no coverage under the policies as the claims in the underlying lawsuit do not amount to an "occurrence" caused by "property damage" and even if they did, the claims are

excluded from coverage by numerous policy exclusions. Based upon a fair reading of the policies and the claims in the underlying lawsuit, State Auto asserts no coverage exists for the underlying lawsuit, that there are no genuine issues of material fact and that State Auto is entitled to a judgment in its favor as a matter of law in both its declaratory judgment action and against Stillwell Masonry Company, Inc.'s counterclaim.

     5.    In support of this motion, State Auto submits a legal memorandum brief and evidentiary submission.

     WHEREFORE, PREMISES CONSIDERED, State Auto Property & Casualty Insurance Company respectfully requests that this Honorable Court enter summary judgment in its favor on a full and final basis and declaring it owes no duty, coverage, contribution or indemnity under its policies of insurance issued to Stillwell Masonry Company, Inc. for the lawsuit styled *Total System Services, Inc. v. Alton Stillwell d/b/a Stillwell Masonry Co., Inc., et al.*, bearing Civil Action Number: SU05-CV-2610-7, pending in the Superior Court of Muscogee County, Georgia.

     Respectfully submitted,

*s/ Chris Zulanas*
Christopher J. Zulanas
James W. Moss
Attorneys for State Auto Property &
Casualty Insurance Company

**OF COUNSEL:**
FRIEDMAN LEAK
3800 Colonnade Pkwy., Suite 650
Post Office Box 43219
Birmingham, Alabama 35243
(205) 278-7000
(205) 278-7001 Fax
www.friedmanleak.com

**CERTIFICATE OF SERVICE**

   I hereby certify I have caused a copy of the foregoing pleading to be electronically filed via CM/ECF and served on counsel listed below this date: **August 6, 2007.**

                    *s/ Chris Zulanas*
                    OF COUNSEL

cc:
Robert H. Sprain, Jr.
Kevin T. Shires
SPRAIN & SHIRES, P.C.
1707 - 29th Court South
Homewood, AL 35209